An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHEN EVERETT BICKFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64477

FILED

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an amended judgment of conviction entered pursuant to a guilty plea of grand larceny of a motor vehicle and possession of a stolen motor vehicle. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Stephen Everett Bickford claims that the district court erred by denying his presentence motion to withdraw his guilty plea and by failing to conduct an evidentiary hearing on the matter. We review a district court's rulings on presentence motions to withdraw guilty pleas and decisions regarding evidentiary hearings for abuse of discretion. *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010); *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001).

The record demonstrates that Bickford was represented by retained counsel and that retained counsel moved to withdraw as attorney of record after Bickford indicated his intent to withdraw his guilty plea. The district court determined that the relationship between retained counsel and Bickford had deteriorated to a point where it was no longer constructive, granted retained counsel's motion to withdraw, and appointed counsel to represent Bickford. Appointed counsel determined that Bickford wanted to withdraw his plea for three reasons: (1) he

14-19265

misunderstood the plea negotiations as they were represented by retained counsel, (2) he entered the guilty plea agreement based on retained counsel's representation that his codefendant had made a written statement against him when in fact the codefendant had only made an oral statement against him, and (3) he was impaired by mental health issues when he entered his plea. Appointed counsel informed the district court that nothing in the record substantiated these claims. The district court observed that no written motion to withdraw guilty plea had been filed. It asked appointed counsel if he wished to file a written motion and if there was a basis to do so. Appointed counsel responded no, whereupon the district court proceeded with sentencing.

The record does not demonstrate that Bickford sought to withdraw his guilty plea based on an alleged breach of the guilty plea agreement (one of the grounds asserted on appeal), that appointed counsel requested an evidentiary hearing, or that a presentence motion to withdraw guilty plea was properly before the district court. *See* EDCR 3.70 (defendant who has counsel cannot file motions); EDCR 7.40(a) (defendant who has counsel cannot appear on his own behalf without court's consent). Accordingly, we conclude that Bickford has not demonstrated that the district court abused its discretion in this regard, and we

ORDER the amended judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. David B. Barker, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk